UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN LENOX,<br>    Plaintiff, | :<br>:<br>: |
| v. | :<br>: |
| TOWN OF NORTH BRANFORD,<br>FRANCIS MEROLA, MARK<br>BARRETT, BRIAN AUGUR and<br>DAVID NEUBIG<br>in their individual and<br>official capacities,<br>    Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

3:08CV1448 (WWE)

## MEMORANDUM OF DECISION ON DEFENDANTS' MOTIONS TO DISMISS

Plaintiff John Lenox has filed the instant action alleging violation of 42 U.S.C. § 1983 and Connecticut General Statutes § 31-51q against the Town of North Branford ("Town"), Francis Merola, Mark Barrett, Brian Augur, and David Neubig ("Individual Defendants"). Plaintiff also brings claims against the Individual Defendants for violation of 42 U.S.C. § 1985, and intentional infliction of emotional distress and negligent infliction of emotional distress. The Town and the Individual Defendants have brought separate motions to dismiss.

FACTUAL BACKGROUND

Plaintiff was employed as a Lead Man in the Town Department of Public Works ("DPW"). Between August 2005 and February 2008, plaintiff made numerous complaints to defendant Francis Merola, the Town's Director of Public Works. His complaints concerned illegal and unethical activities that were taking place in the DPW by Mark Barrett, Brian Augur and David Neubig, who all worked at DPW.

1

Plaintiff alleges that Merola took no action against any of the DPW employees. Barrett, Augur and Neubig subjected Lenox to a campaign of harassment in retaliation for having raised the complaints. Lenox complained to Merola about the retaliatory acts, but Merola took no steps to halt it, and even encouraged the retaliation.

On February 15, 2008, Lenox was placed on a medical leave by his physician as a result of the mental and emotional stress caused by the campaign of harassment and retaliation.

Lenox went outside the chain of command and reported the illegalities and retaliation to the Town's interim Town Manager. An investigation confirmed many of the details of plaintiff's complaints.

Lenox requested a transfer to a different position, but the Town declined his request. Lenox returned to the DPW after being medically cleared by his physician.

## DISCUSSION

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Ryder Energy Distrib. v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984). When deciding a motion to dismiss, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). The complaint must contain the grounds upon which the claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A plaintiff is obliged to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible. Iqbal v.

Hasty, 490 F.3d 143, 157 (2d Cir. 2007), cert. granted, 128 S. Ct. 2931 (2008) (applying flexible "plausibility standard" to Rule 8 pleading).

### § 1983 Claims

Defendants move to dismiss the claims pursuant to § 1983 against the Individual Defendants in their official capacities as duplicative of the claims against the Town. See Kentucky v. Graham, 473 U.S. 159, 165-166 (1985) (an official capacity suit is treated as a suit against the entity). Plaintiff maintains that he is not requesting the same relief against the Town and the Individual Defendants. Plaintiff explains that the only relief he seeks against the Individual Defendants is prospective injunctive relief. Accordingly, the Court will leave plaintiff to his proof and will not grant the motions to dismiss on this ground.

### Connecticut General Statutes § 31-51q

Defendants argue that plaintiff cannot maintain claims against the Individual Defendants for retaliatory discharge in violation of Connecticut General Statutes § 31-51q.

The statute provides: "Any employer, including the state and any instrumentality or political subdivision thereof, who subjects any employee to discipline or discharge on account of the exercise by such employee of rights guaranteed by the first amendment to the United States Constitution ... shall be liable to such employee for damages ...." Conn. Gen. Stat. § 31-51q. Plaintiff cites numerous sections from part II of Chapter 557 defining the word "employer." However, this Court has interpreted the statute as limiting liability only to the state, its instrumentalities or its political subdivisions. See Cook v. Mcintosh, 1998 WL 91066 (D. Conn. 1998). Further, recent case law has

3

rejected imposing individual liability pursuant to § 31-51q.  See  Nyenhuis v. Metropolitan Dist. Comm'n, 2009 WL 690385 (D. Conn. 2009); Maisano v. Congregation Or Shalom, 2009 WL 415696 (Conn. Super. 2009).  Accordingly, the Court will dismiss the § 31-51q claims against the Individual Defendants.

### 42 U.S.C. § 1985

Defendants maintain that plaintiff's § 1985 allegations are insufficient to state a claim for a conspiracy to deprive plaintiff of his constitutional rights.

To state a claim pursuant to § 1985(3), a plaintiff must allege (1) a conspiracy; (2) a purpose to deprive a person or class of person of the equal protection of the laws, or equal privileges and immunities under the law; (3) an overt act in furtherance of the conspiracy; and (4) an injury to the plaintiff's person or property, or a deprivation of a right or privilege of a citizen of the United States.  Thomas v. Roach, 165 F.3d 137, 146 (2d Cir. 1999).  An "alleged conspiracy to infringe First Amendment rights is not a violation of § 1985(3) unless it is proved that the State is involved in the conspiracy or that the aim of the conspiracy is to influence the activity of the State."  United Bhd. of Carpenters & Joiners of America v. Scott, 463 U.S. 825, 830 (1983).  However, there must still exist "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action ...."  Griffin v. Breckenridge, 403 U.S. 88, 102 (1971).  A "class of one" theory is insufficient to form the basis for a § 1985 claim.  Chance v. Reed, 538 F. Supp. 2d 500, 509 (D. Conn. 2008); see also Engquist v. Oregon Dept. of Agric., 128 S. Ct. 2146 (2008) (class-of-one equal protection claim is not cognizable in the context of public employment).

Defendants submit that plaintiff has failed to allege that he is a member of any class or that the conspiracy was motivated by a racial or class-based animus.  The Court agrees that plaintiff has failed to provide a factual basis to support his claim of conspiracy pursuant to § 1985(3).  Under the standard articulated in Iqbal, plaintiff has an obligation to amplify his complaint with allegations rendering his claim plausible.  Accordingly, plaintiff's § 1985 claim will be dismissed.  However, plaintiff will be afforded an opportunity to replead if he can allege in good faith the requisite factual basis to his conspiracy claim.

## CONCLUSION

For the foregoing reasons, the motions to dismiss are DENIED in part and GRANTED in part [docs. #14 & 15].  Plaintiff is instructed to amend his complaint consistent with this ruling within ten days of this ruling's filing date.


_____/s/_____
Warren W. Eginton
Senior U.S. District Judge

Dated at Bridgeport, Connecticut this _22__ day of April, 2009.