UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOHN LENOX,                                        :
      Plaintiff                              :
                                             :        CIVIL ACTION NO.
      v.                                     :        3:08cv01448 (DJS)
                                             :
TOWN OF NORTH BRANFORD, FRANCIS                    :
MEROLA, MARK BARRETT, BRYAN                        :
AUGUR, and DAVID NEUBIG,                           :
      Defendants                             :

RULING AND ORDER ON MOTION FOR RECONSIDERATION

The plaintiff, John Lenox, brought this action against various defendants, including the Town of North Branford ("the Town") and Francis Merola ("Merola"), raising various federal and state claims arising out of his former employment within the Town's Department of Public Works ("DPW"). On December 7, 2012, the Court granted summary judgment in favor of the defendants as to all claims except the plaintiff's claims of intentional infliction of emotional distress against the Town and Merola. These intentional infliction of emotional distress claims, as elucidated by the plaintiff in response to the defendants' motions for summary judgment, are based on the plaintiff's contention that after the police had investigated a complaint of a possible theft by the plaintiff and had determined that the matter was "over and done with," the defendants persisted in their efforts to have the plaintiff arrested and prosecuted.  On December 17, 2012, the Town and Merola filed a Motion for Reconsideration requesting that the Court reconsider its decision as to whether the Town and Merola are entitled to summary judgment on plaintiff's intentional infliction of emotional distress claims. For the reasons stated below, the defendants' Motion for Reconsideration (doc. # 91) is GRANTED in part and DENIED in part.

## A. RECONSIDERATION STANDARD

Rule 7(c) of the Local Civil Rules of the United States District Court for the District of Connecticut allows for the filing of motions "for reconsideration." D. Conn. L. Civ. R. 7(c).  The Second Circuit has held that "[m]otions for reconsideration under [the District of Connecticut's Local Civil Rules] . . . are as a practical matter the same thing as motions for amendment of judgment under Fed. R. Civ. P. 59(e) - - each seeks to reopen a district court's decision on the theory that the court made mistaken findings in the first instance." City of Hartford v. Chase, 942 F.2d 130, 133 (2d Cir. 1991).  In general, the three grounds justifying reconsideration are "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation marks omitted).

"A motion for reconsideration is committed to the sound discretion of the court." Kregos v. Latest Line, Inc., 951 F. Supp. 24, 26 (D. Conn. 1996).  "The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transportation, Inc., 70 F.3d 255, 257 (2d Cir. 1995).

B. APPLICATION OF THE MOTION FOR RECONSIDERATION STANDARD TO THE
DEFENDANTS' MOTION FOR RECONSIDERATION

1.      Merola

The defendants contend that the plaintiff's intentional infliction of emotional distress

claim against Merola, when considered in light of the understanding of that claim expressed by

the Court in its December 7, 2012 decision, is not supported by any facts that have been brought

forward by the plaintiff. In essence, the defendants suggest that the absence of any factual support

for that claim is a "matter[] . . . which . . . the Court overlooked in the initial decision or order."

L. Civ. R. 7(c). Having carefully reexamined the record before it with a view toward identifying

facts concerning Merola that could support the plaintiff's intentional infliction of emotional

distress claim against him, the Court agrees with the defendants' contention.

In the December 7, 2012 ruling on the motions for summary judgment, the Court noted

its belief that the defendants misapprehended the plaintiff's intentional infliction of emotional

distress claims. Since the plaintiff's Amended Complaint is not particularly specific as to the

intentional infliction of emotional distress claims, such misapprehension is perhaps

understandable. The Court stated its understanding of those claims as follows:

> The Court understands the Plaintiff's intentional infliction
> of emotional distress claims against the Town and Merola to be
> that after Detective McNamara had responded to the initial
> complaint and determined that the can of spray lubricant in the
> Plaintiff's personal vehicle did not match those in the Town garage,
> these Defendants, knowing that the matter was 'over and done with,'
> persisted in their efforts to have the Plaintiff arrested and prosecuted."

Lenox v. Town of North Branford, No. 3:08cv01448 (DJS), 2012 U.S. Dist. LEXIS 174419, at

*56-57 (D. Conn. Dec. 7, 2012).

-3-

"When the burden of proof at trial would fall on the nonmoving party, it ordinarily is sufficient for the movant to point to a lack of evidence to go to the trier of fact on an essential element of the nonmovant's claim." Cordiano v. Metacon Gun Club, Inc., 575 F.3d 199, 204 (2d Cir. 2009). "In that event, the nonmoving party must come forward with admissible evidence sufficient to raise a genuine issue of fact for trial in order to avoid summary judgment." Id. The Court finds that the plaintiff has not "come forward with admissible evidence sufficient to raise a genuine issue of fact" with regard to his intentional infliction of emotional distress claim against Merola, as distinguished from his claim against the Town. The evidence brought forward by the plaintiff does not support a finding that any of the actions taken on behalf of the Town that could constitute "persist[ing] in their efforts to have the Plaintiff arrested and prosecuted" were taken by Merola.

The plaintiff's evidence supports a finding that Merola, based on information that had been provided to him by other DPW employees, reported a possible theft by the plaintiff at the DPW garage to the North Branford Police Department. It was after Merola's report to the police that Detective McNamara, according to the plaintiff, investigated the matter and told the plaintiff that "it's over and done with." Despite the plaintiff's assertion that "the defendant municipality (acting through its Town Manager) and the plaintiff's supervisor [Merola] had done all within their power to get him convicted despite his innocence," (doc. # 85, at 18), the only evidence produced by the plaintiff of actions taken to further such a purpose relates to an individual other than Merola.

Viewed in the light most favorable to the plaintiff, the facts demonstrate that at a point subsequent to the time when Detective McNamara told the plaintiff the matter was "over and

-4-

done with," Merola told the plaintiff that "you have to go over to the police station." (Doc. # 83-3, at 9, lines 14-15). When the plaintiff went to the police station, he was placed under arrest by Detective McNamara.[1] According to the plaintiff, Detective McNamara told him that "the Town Manager was insisting that we prosecute. . . . My hands are tied." (Id., lines 23-25). When the plaintiff returned to the DPW garage from the police station, Merola handed him a letter stating that the plaintiff's employment had been terminated.

The plaintiff further alleges that he went to court four times in connection with the larceny charge that had been brought against him. On one of those occasions, he was shown a document on which was written, "Call from Town Manager, prosecute this case to the fullest. And it was circled." (Id. at 11, lines 11-13). The criminal case against the plaintiff ultimately was dismissed.

Although Merola may be considered a representative of the Town for certain purposes, the intentional infliction of emotional distress claim against him is separate and distinct from the intentional infliction of emotional distress claim against the Town. While actions taken by Merola may, under certain circumstances, be attributable to the Town, actions taken on behalf of the Town by someone else are not attributable to Merola as an individual defendant. The Court concludes that this important distinction is a matter overlooked by the Court in its December 7, 2012 decision, in that the Court's ruling did not distinguish between the Town, and others acting on behalf of the Town, and the individual defendant Merola for purposes of the intentional infliction of emotional distress claims.

---

[1]The plaintiff was arrested pursuant to an arrest warrant applied for by Detective McNamara. (Doc. # 75-28).

The plaintiff's evidence supports a finding that two actions were taken by Merola subsequent to Detective McNamara's initial investigation at the DPW garage: (1) several days after the investigation, Merola told the plaintiff that he needed to go to the police station, where he was arrested by Detective McNamara; and (2) when the plaintiff returned to the DPW garage from the police station, Merola handed him a letter stating that as a result of the plaintiff's arrest "effective immediately, you are hereby placed on administrative leave (with pay) and shall remain in that status until further notice." (Doc. # 75-29). That letter was signed by the Town Manager. (Id.). These facts do not support a finding that the defendant Merola "caused the plaintiff to be prosecuted for a crime [he] knew [the plaintiff] had not committed and pressured the prosecutor to pursue that prosecution despite its obvious lack of merit." (Doc. # 85, at 17-18). The Court concludes that on the basis of the evidence produced by the plaintiff, a jury could not reasonably find for the plaintiff as to his intentional infliction of emotional distress claim against Merola. For that reason, the Court hereby vacates its previous order denying summary judgment as to Count 13 of the Amended Complaint. The motion for summary judgment filed by the Defendants Town of North Branford and Merola (**doc. # 77**) is **GRANTED as to Count 13** of the Amended Complaint.

## 2. Town of North Branford

The Town contends that the Court should reconsider its decision denying the defendants' motion for summary judgment as to the claim of intentional infliction of emotional distress against the Town on the basis that a municipality may not be held liable for intentional infliction of emotional distress. The defendants did not raise this issue in their prior submissions to the

Court relating to their motion for summary judgment. Instead, they argued that the "Plaintiff cannot establish any evidence of outrageous conduct by . . . the Town . . . ." (Doc. # 77-1, at 33).

The Town argues that it is entitled to governmental immunity as to a claim of an intentional tort committed by a Town employee on the basis of Conn. Gen. Stat. § 52-557n, which provides in part that "[e]xcept as otherwise provided by law, a political subdivision of the state shall not be liable for damages to person or property caused by . . . [a]cts or omissions of any employee, officer or agent which constitute . . . actual malice or wilful misconduct . . . ." Conn. Gen. Stat. § 52-557n(a)(2)(A). "Under Connecticut law, the term 'willfulness is synonymous with 'intentional.'" Miner v. Town of Cheshire, 126 F. Supp. 2d 184, 194 (D. Conn. 2000).

As a general rule, "governmental immunity must be raised as a special defense in the defendant's pleadings . . . . Governmental immunity is essentially a defense of confession and avoidance similar to other defenses required to be affirmatively pleaded . . . ." Violano v. Fernandez, 280 Conn. 310, 321 (2006) (internal quotation marks omitted). "The purpose of requiring affirmative pleading is to apprise the court and the opposing party of the issues to be tried and to prevent concealment of the issues until the trial is underway." Id. (internal quotation marks omitted). However, "[w]here it is apparent from the face of the complaint that the municipality was engaging in a governmental function while performing the acts and omissions complained of by the plaintiff, the defendant is not required to plead governmental immunity as a special defense and may attack the legal sufficiency of the complaint through a motion to strike." Id. (internal quotation marks omitted).

Here the defendants neither plead governmental immunity as a special defense nor filed a motion attacking the legal sufficiency of the complaint on the basis of governmental immunity. Rather, the defendants addressed the merits of the intentional infliction of emotional distress claim in their summary judgment motion and subsequently raised the immunity issue in their motion for reconsideration. The Court acknowledges that "a complaint fails to state a legally sufficient cause of action against a municipal defendant when [acts which constitute wilful misconduct] are alleged unless its immunity has been abrogated by statute." Avoletta v. City of Torrington, 133 Conn. App. 215, 221 (2012). At the same time, the Court does not believe the defendants have raised this issue at a time and in a manner that furthers the purpose of "appris[ing] the court and the opposing party of the issues to be tried . . . ." Violano,  280 Conn. at 321.

Given these somewhat unusual circumstances, the Court has decided to deny without prejudice the defendants' motion for reconsideration as to the claim of intentional infliction of emotional distress against the Town. The defendants will be permitted to file a motion to amend their answer requesting approval from the Court to raise governmental immunity as a special defense to the claim of intentional infliction of emotional distress. The plaintiff will, of course, have the opportunity to respond to any such motion to amend.

CONCLUSION

For the foregoing reasons, the defendants' Motion for Reconsideration (**doc. # 91**) is **GRANTED in part** and **DENIED in part**.

The Court grants the defendants' motion for reconsideration as to the defendant Merola. The Court hereby vacates its previous order denying summary judgment as to Count 13 of the

-8-

Amended Complaint (intentional infliction of emotional distress claim against the defendant Merola). The motion for summary judgment filed by the Defendants Town of North Branford and Merola (**doc. # 77**) is **GRANTED as to Count 13** of the Amended Complaint.

The Court denies without prejudice the defendants' motion for reconsideration as to the defendant Town. The defendant Town will be permitted to file a motion to amend its answer to the Amended Complaint for the purpose of pleading governmental immunity as a special defense. Any such motion to amend shall be filed on or before June 6, 2013. The plaintiff respond to any such motion to amend on or before June 27, 2013.

SO ORDERED, this  16th   day of May,  2013

_____/s/ DJS_____
DOMINIC J. SQUATRITO
UNITED STATES DISTRICT JUDGE